# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| DEMOCRATIC PARTY OF VIRGINIA,<br><br>                Plaintiff,<br><br>   v.<br><br>FRANK VEAL, in his official capacity as the South Atlantic Division Manager for the United States Postal Service, GERALD ROANE, in his official capacity as Virginia District Manager of the United States Postal Service,<br><br>                Defendants. | Civil Case No. 3:21-cv-671 |

**STIPULATION AND [PROPOSED] CONSENT ORDER**

Plaintiff Democratic Party of Virginia and Defendants Frank Veal and Gerald Roane, in their official capacities, (collectively, the "Parties") stipulate to the following and request that this Court Order as follows:

1. The Parties request entry of this Stipulation and Consent Order for the purpose of resolving their dispute and in pursuit of their joint interest in ensuring that if Virginia voters choose to use the mail to vote, they are able to do so effectively. Nothing in this Stipulation and Consent Order constitutes an admission by any party of liability or wrongdoing.

2. "Election Mail" as used in this Stipulation and Consent Order refers to mail that uses USPS's official Election Mail logo, as well as mail that comes in containers or trays with a Green Tag 191 affixed to it. Election Mail includes, in addition to other materials, both absentee ballots being sent by registrars to voters ("Outbound Ballots") and absentee ballots being returned by voters to registrars ("Inbound Ballots").

3. Continuing through Friday, November 5, 2021, the United States Postal Service ("USPS" or "Postal Service") shall process Election Mail within the Commonwealth of Virginia in accordance with the Postal Service's established procedures relating to Election Mail. In particular, but without limitation, the Postal Service shall:

   a. Utilize procedures designed to ensure that each Inbound Ballot received by USPS is postmarked and that each piece of Election Mail receives at least an initial scan of its Intelligent Mail Barcode. This requirement shall not preclude the Postal Service from taking measures intended to accelerate the delivery of Inbound Ballots, which may cause them to be postmarked but not receive a scan.

   b. Ensure that all mail processing facilities and post offices in Virginia continue to complete the daily "All Clear Certification Process," in which each facility certifies that it is clear of all Election Mail committed for delivery that day. During the All Clear Certification Process, USPS employees will sweep all locations in the facility, including manual operations, carrier cases, clerk distribution cases, staging areas, dock(s), the window area, all delivery vehicles, all processing areas, and all trailers for Election Mail (as applicable for that facility), in an effort to ensure that there are no ballots in any unexpected locations and to identify any ballots that are not moving with sufficient speed.

   c. Utilize the "Local Hold-Out Process" designed to expedite the delivery of Inbound Ballots to local registrars, where operationally appropriate, after

such ballots have been postmarked and have received an initial scan of their Intelligent Mail Barcodes.

4. Beginning the day following the entry of this Order and continuing through November 5, 2021, the Postal Service shall provide to Plaintiff and Plaintiff's counsel a daily report by 12:00 pm each day containing the following information:

   a. A confirmation that the "all clear" process was carried out the previous day at each mail processing facility and each retail and delivery facility in Virginia;

   b. If a facility does not report that they are "all clear", the Postal Service will provide the all clear report detailing any issue and will follow up if the report warrants further action;

5. Plaintiff will work to obtain and share with the Postal Service the Intelligent Mail Barcode Data for Inbound Ballots. Upon receipt of that data, the Postal Service will use reasonable efforts to provide a daily report regarding transit times for Inbound Ballots, to the extent technically feasible. If such a report is not feasible, the Postal Service will work in good faith to provide alternative, technically feasible reporting providing visibility into the processing times for Inbound Ballots.

6. The Postal Service shall continue to work with Plaintiff and the Virginia Department of Elections urgently and in good faith to attempt to determine the reason that the Virginia Department of Elections' reports appear to identify a substantial number of "unscanned" Outbound Ballots for Portsmouth City and Albemarle County. The Postal Service shall handle any Outbound Ballots still in USPS's possession consistent with its established procedures relating to Election Mail, designed to ensure timely delivery.

7.      The Court holds Plaintiff's Motion in abeyance until Monday, November 8, 2021. If there is a need for further intervention or attention by the Court before that date, either Party may request a hearing through a filing on the Court's docket. In no event shall either party request such a hearing without providing notice to all counsel at least 6 hours in advance of any such request. Following such notice, the parties shall meet and confer in good faith in an attempt to reach a mutually agreeable resolution. The Court will accommodate the Parties' requests to be heard as early as its schedule will permit. Further hearings in the case can be held either remotely or in-person, at the Court's discretion.

8.      If no further hearings or relief has been requested as of Monday, November 8, 2021, the Court will dismiss Plaintiff's Complaint without prejudice, at which time this Order shall be of no further force or effect.

Dated: October 28, 2021

/s/
Jeffrey Breit, VA Bar No. 18876
BREIT CANTOR
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451
jeffrey@breitcantor.com

Elisabeth Frost*
David R. Fox, VA Bar No. 83894**
Henry Brewster*
ELIAS LAW GROUP LLP
10 G St., N.E., Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
efrost@elias.law
dfox@elias.law
hbrewster@elias.law

*Attorneys for Plaintiff*

Respectfully submitted,

BRIAN D. NETTER
Deputy Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

JESSICA D. ABER
UNITED STATES ATTORNEY

/s/
Jonathan T. Lucier (VSB No. 81303)
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Tel.: (804) 819-5400
Fax: (804) 771-2316
Email: jonathan.lucier@usdoj.gov

JOSEPH E. BORSON (Va. Bar No. 85519)
KUNTAL CHOLERA
JOHN J. ROBINSON

Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 514-1944
Joseph.Borson@usdoj.gov

*Attorneys for Defendants*

**IT IS SO DECREED AND ORDERED**

Dated:_____

                                                Hon. M. Hannah Lauck
                                                United States District Judge